United States District Court

Eastern District of California

Larry Giraldes, Jr.,

      Plaintiff,                      Civ. No. S 01-2110 LKK PAN P

  vs.                               Order on Request for Counsel

Prebula, et al.,

      Defendants.

-oOo-

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action. Plaintiff moved for appointment of counsel on June 23, 2005.

    In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel. Lassiter v. Department of Social Services, 452 U.S. 18, 26-27 (1981). Section 1915(e)(1) of Title 28 confers discretion upon the court to request counsel represent an indigent civil litigant. Mallard v. District Court, 490 U.S. 296 (1989).

1        In deciding whether to appoint counsel the court exercises
2   discretion governed by a number of factors, including the
3   likelihood of success on the merits and the applicant's ability
4   to present his claims in light of their complexity.  Weygandt v.
5   Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v.
6   Risley, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the
7   presumption of regularity in the state's procedures for confining
8   prisoners suggests a lack of likely success and counsels against
9   appointment of counsel.  See Maclin v. Freake, 650 F.2d 885, 887
10  (7th Cir. 1981).  As a general rule, the court will not appoint
11  counsel unless the applicant shows his claim has merit in fact
12  and law.  Id.  Even if the applicant overcomes this hurdle, the
13  court will not appoint counsel if the law is settled and the
14  material facts are within the plaintiff's possession, viz., they
15  do not require investigation outside the prison walls.  Id. at
16  887-88.
17       Here, plaintiff alleges his constitutional rights were
18  violated when defendants transferred him to a facility they knew
19  could not provide for his medical needs.  The law governing this
20  issue is settled and investigation outside the prison walls is
21  unnecessary to discover material facts.  There is, on the record
22  before the court, no reason to believe appointment of counsel
23  would be of significant benefit.
24  ///
25  ///
26  ///

1    Plaintiff's June 23, 2005, request for the appointment of
2 counsel therefore is denied.
3    So ordered.
4    Dated:  October 18, 2005.

                                    /s/ Peter A. Nowinski
                                  PETER A. NOWINSKI
                                  Magistrate Judge