1

2

3

4

5

6

7

8                     United States District Court

9                    Eastern District of California

10

11

12  Larry Giraldes, Jr.,

13          Plaintiff,              No. Civ. S 01-2110 LKK PAN P

14      vs.                        Findings and Recommendations

15  Prebula, et al.,

16          Defendants.

17                            -oOo-

18      Plaintiff is a prisoner, without counsel, seeking damages

19  pursuant to 42 U.S.C. § 1983 upon the ground defendants were

20  deliberately indifferent to his serious medical needs.  He also

21  seeks a preliminary injunction.  Plaintiff alleges defendant

22  Sauhkla, upon instruction from defendants Prebula and Gavia,

23  prepared a memorandum authorizing plaintiff's transfer from

24  California Medical Facility (CMF) to High Desert State Prison

25  (HDSP) and Dr. Andreasen approved the transfer knowing HDSP could

26  not provide adequate medical care for his severe digestive

1    problems, Hepatitis C and knee problems and that within days of

2    the September 28, 2001, transfer plaintiff began to suffer

3    vomiting and intestinal bleeding but was denied medical attention

4    upon the ground the necessary care was unavailable at HDSP.

5    Defendants move for summary judgment.  Plaintiff opposes.

6         A party may move, without or without supporting affidavits,

7    for a summary judgment and the judgment sought shall be rendered

8    forthwith if the pleadings, depositions, answers to

9    interrogatories, and admissions on file, together with the

10   affidavits, if any, show that there is no genuine issue as to any

11   material fact and that the moving party is entitled to a judgment

12   as a matter of law.  Fed. R. Civ. P. 56(a)-(c).

13        An issue is "genuine" if the evidence is such that a

14   reasonable jury could return a verdict for the opposing party.

15   Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is

16   "material" if it affects the right to recover under applicable

17   substantive law.  Id.  The moving party must submit evidence that

18   establishes the existence of an element essential to that party's

19   case and on which that party will bear the burden of proof at

20   trial.  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

21   The moving party "always bears the initial responsibility of

22   informing the district court of the basis for its motion and

23   identifying those portions of 'the pleadings, depositions,

24   answers to interrogatories, and admissions on file, together with

25   the affidavits, if any'" that the moving party believes

26   demonstrate the absence of a genuine issue of material fact.

Id., at 323.  If the movant does not bear the burden of proof on
an issue, the movant need only point to the absence of evidence
to support the opponent's burden.  To avoid summary judgment on
an issue upon which the opponent bears the burden of proof, the
opponent must "go beyond the pleadings and by her own affidavits,
or by the "'depositions, answers to interrogatories, and
admissions on file,' designate 'specific facts showing that there
is a genuine issue for trial.'"  Id., at 324.  The opponent's
affirmative evidence must be sufficiently probative that a jury
reasonably could decide the issue in favor of the opponent.
Matsushita Electric Industrial Co., Inc. v. Zenith Radio
Corporation, 475 U.S. 574, 588 (1986).  When the conduct alleged
is implausible, stronger evidence than otherwise required must be
presented to defeat summary judgment. Id., at 587.

Fed. R. Civ. P. 56(e) provides that "supporting and opposing
affidavits shall be made on personal knowledge, shall set forth
such facts as would be admissible in evidence, and shall show
affirmatively that the affiant is competent to testify to the
matters stated therein."  Nevertheless, the Supreme Court has
held that the opponent need not produce evidence in a form that
would be admissible at trial in order to avoid summary judgment.
Celotex, 477 U.S. at 324.  Rather, the questions are (1) whether
the evidence could be submitted in admissible form and (2) "if
reduced to admissible evidence" would it be sufficient to carry
the party's burden at trial.  Id., at 327.  Thus, in Fraser v.
Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing

1 party's reliance upon her diary upon the ground it was hearsay
2 was overruled because the party could testify to all the relevant
3 portions from personal knowledge or read it into evidence as
4 recorded recollection.

5     A verified complaint based on personal knowledge setting
6 forth specific facts admissible in evidence is treated as an
7 affidavit. <u>Schroeder v. McDonald</u>, 55 F.3d 454 (9th Cir. 1995);
8 <u>McElyea v. Babbitt</u>, 833 F.2d 196 (9th Cir. 1987).  A verified
9 motion based on personal knowledge in opposition to a summary
10 judgment motion setting forth facts that would be admissible in
11 evidence also functions as an affidavit. <u>Johnson v. Meltzer</u>, 134
12 F.,3d 1393 (9th Cir. 1998); <u>Jones v. Blanas</u>, 393 F.3d 918 (9th
13 Cir. 2004).

14     Defects in opposing affidavits may be waived if no motion to
15 strike or other objection is made. <u>Scharf v. United States</u>
16 <u>Attorney General,</u> 597 F.2d 1240 (9th Cir. 1979) (incompetent
17 medical evidence).

18     The following facts are undisputed:  Plaintiff was a
19 prisoner at the California Medical Facility (CMF) from July 28,
20 1994, until September 28, 2001, when plaintiff was transferred to
21 High Desert State Prison (HDSP).  At all times relevant,
22 defendant Dr. Andreasen was the Chief Medical Officer and
23 defendant Dr. Sauhkla was a physician at CMF.  Defendants Prebula
24 and Gavia were correctional counselors at CMF.

25     California Medical Facility is a prison staffed and
26 equipped for prisoners with medical or psychiatric needs

1   requiring specialized and continuous care.  Inmates with medical

2   conditions requiring frequent outpatient diagnostic, treatment or

3   rehabilitative services are designated, "Category O."  Such a

4   designation can override a classification otherwise warranting

5   placement in a more secure institution.[1]

6   After portions of plaintiff's esophagus and stomach were

7   removed in 1985, he began to suffer from gastroesophageal reflux

8   disease (GERD), a condition in which acid flows into the canal

9   leading to the stomach.  Plaintiff cannot eat large portions of

10  food and is subject to nausea, vomiting, bloating and diarrhea.

11  Plaintiff loses weight easily.

12  Treatments for GERD include elevating the head about six

13  inches while sleeping, medicines, eating several small meals

14  daily instead of three large meals and regular liquid dietary

15  supplements.

16  In 1994, plaintiff was designated "Category O" and was

17  transferred to CMF, where he variously received a liquid diet of

18  high-protein drinks, double portions of meals to be eaten as

19  several small meals and the medicine Prevacid, which blocks the

20  production of stomach acid.

21  In 1996, plaintiff began accumulating disciplinary

22  convictions for trafficking narcotics, threatening staff,

23  possessing a controlled substance, threatening a non-inmate,

24  _____

25      [1]  Prison officials classify prisoners according to prisoners' needs,
    behavior and interests, departmental and institutional security interests and
26  public safety in order determine the appropriate facility for the prisoner's
    confinement.  15 Cal. Admin. Code § 3375(a), (b).

1   assault on a non-inmate, possessing of marijuana and burning a
2   mattress.

3        In 1997, plaintiff underwent surgery to reconstruct one
4   knee but he re-injured it.  Orthopedic specialists examined
5   plaintiff but disagreed about the advisability of additional
6   surgery.

7        June 6, 1998, a physician not named as a defendant
8   recommended rescinding plaintiff's Category O designation because
9   plaintiff had not had serious medical problems since 1994.
10  February 7, 2001, defendant Sauhkla determined plaintiff's
11  medical needs could be satisfied at any institution with a
12  medical facility.  February 23, 2001, defendant Andreasen found
13  plaintiff's condition did not affect his place of confinement.
14  May 24, 2001, defendant Sauhkla found plaintiff's medical needs
15  could be satisfied at any institution with outpatient care,
16  recommended rescinding plaintiff's Category O designation and
17  recommended transferring plaintiff to any institution consistent
18  with his custody needs.

19       Defendants Andreasen and Sauhkla periodically consulted
20  orthopedic specialists, compared recent and remote knee x-rays,
21  examined plaintiff, monitored plaintiff's GERD symptoms and
22  adjusted plaintiff's treatment.  Defendant Andreasen authorized
23  plaintiff's use of a cane or a brace and plaintiff's weight
24  occasionally dropped.  Plaintiff developed gallstones and was
25  diagnosed with Hepatitis C.

26       August 8, 2001, plaintiff appeared before a classification

1  committee (UCC) that included defendants Gavia and Prebula.

2  Defendant Andreasen appeared and recommended plaintiff be

3  transferred either to Salinas Valley State Prison (SVSP) or to

4  HDSP.  After considering plaintiff's disciplinary record and

5  defendant Andreasen's recommendation, the committee determined

6  plaintiff should be transferred either to SVSP or to HDSP.

7  September 28, 2001, plaintiff was transferred to HDSP.

8  October 3, 2001, a physician at HDSP examined plaintiff and

9  questioned whether plaintiff should be confined there.  But

10  December 17, 2001, the physician determined HDSP could provide

11  the medical care plaintiff required.

12  Plaintiff claims defendants were deliberately indifferent to

13  his serious medical needs in several respects.  Defendants

14  contend there is no genuine issue of material fact concerning

15  whether they were deliberately indifferent to plaintiff's serious

16  medical needs.

17  Prison officials violate the Eighth Amendment when they are

18  deliberately indifferent to prisoners' serious medical needs.

19  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A prison official is

20  deliberately indifferent when he knows of and disregards a risk

21  of injury or harm that "is not one that today's society chooses

22  to tolerate."  See Helling v. McKinney, 509 U.S. 25, 35 (1993);

23  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The official must

24  "be aware of the facts from which the inference could be drawn

25  that a substantial risk of serious harm exists, and he must also

26  draw the inference."  Farmer, 511 U.S. at 837.  Deliberate

1  indifference "may appear when prison officials deny, delay or

2  intentionally interfere with medical treatment, or it may be

3  shown by the way in which prison physicians provide medical

4  care." <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir.

5  1988).  Mere negligence does not suffice.  <u>Gamble</u>, 429 U.S. at

6  106.

7       Plaintiff asserts defendants Prebula and Gavia instructed

8  defendant Sauhkla to authorize plaintiff's transfer from CMF to

9  HDSP knowing plaintiff would not receive adequate medical care at

10 HDSP.  There is no evidence that implicates Prebula and Gavia in

11 any wrongdoing and so they are entitled to judgment as a matter

12 of law.

13      Plaintiff asserts defendants Sauhkla and Andreasen knew

14 plaintiff would not receive adequate care for GERD at HDSP.  It

15 is undisputed a physician at HDSP initially questioned whether

16 plaintiff's medical needs could be satisfied there but later

17 determined they could be satisfied.  There is no evidence

18 defendants knew of facts from which they could infer plaintiff's

19 needs could not be satisfied there, drew the inference and

20 recommended the transfer anyway.  No reasonable jury could find

21 in plaintiff's favor and so Sauhkla and Andreasen are entitled to

22 judgment as a matter of law.

23      Plaintiff asserts defendants Sauhkla and Andreasen knew

24 plaintiff would not receive adequate care for Hepatitis-C at HDSP

25 but the record contains no evidence supporting this assertion.

26 No reasonable jury could find in plaintiff's favor and so Sauhkla

1 and Adreasen are entitled to judgment as a matter of law on this
2 claim.

3      Plaintiff asserts defendants Sauhkla and Andreasen
4 recommended his transfer knowing he was scheduled for gallbladder
5 surgery and for knee surgery.

6      It is undisputed these defendants monitored plaintiff's
7 condition at CMF, in 1998 a CMF physician recommended rescinding
8 plaintiff's Category O designation, orthopedic specialists
9 disagreed about whether knee surgery was advisable and defendants
10 knew plaintiff developed gallstones and was diagnosed with
11 Hepatitis C while at CMF.  Defendants adduce evidence plaintiff
12 was not scheduled for gallbladder surgery or knee surgery before
13 the transfer and plaintiff underwent gallbladder surgery after
14 the transfer.[2]  Plaintiff adduces no evidence to contest this or
15 to show defendants were aware of a high risk of danger to
16 plaintiff but delayed surgery anyway.  No reasonable jury could
17 find in plaintiff's favor and so Sauhkla and Andreasen are
18 entitled to judgment as a matter of law.

19      For these reasons, plaintiff's March 2, 2005, motion for a
20 preliminary injunction should be denied, defendants' April 28,
21 2005, motion for summary judgment should be granted and judgment
22 should be entered in their favor.

23      Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
24 findings and recommendations are submitted to the United States

25

26      [2] As of the date of the parties' submissions, plaintiff had not
undergone knee surgery.

1 │ District Judge assigned to this case.  Written objections may be
2 │ filed within 20 days of service of these findings and
3 │ recommendations.  The document should be captioned "Objections to
4 │ Magistrate Judge's Findings and Recommendations."  The district
5 │ judge may accept, reject, or modify these findings and
6 │ recommendations in whole or in part.

7 │     Dated:  January 24, 2006.

8 │                              /s/ Peter A. Nowinski
9 │                             PETER A. NOWINSKI
  │                             Magistrate Judge