IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GIRALDES,

Plaintiff,

No. CIV S-01-2110 LKK EFB P

vs.

T. PREBULA, et al.,

Defendants.

ORDER

_______________________________/

Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the January 17, 2002, first amended complaint in which plaintiff claims the following: (1) defendants Prebula and Gavia, who were Correctional Counselors, directed defendant Dr. Sauhkla to approve plaintiff's transfer from California Medical Facility (CMF) to High Desert State Prison (HDSP) even though they knew that plaintiff's severe medical conditions could not adequately be treated there; (2) defendant Dr. Sauhkla followed these directions, knowing that HDSP could not provide adequate medical care for him; and (3) defendant Dr. Andreasen approved the transfer knowing that HDSP could not provide adequate medical care. On March 2, 2005, plaintiff filed a motion for a preliminary injunction. In it, he requested an order directing that prison officials transfer him from HDSP to CMF and that, once transferred, defendants provide him with a special pillow to elevate his head

and medications adequate to treat the symptoms of his various ailments. On April 28, 2005, defendants moved for summary judgment. On January 25, 2006, a different magistrate judge found that there was no genuine dispute for trial and recommended that defendants' motion for summary judgment be granted. He also recommended that plaintiff's motion for a preliminary injunction be denied because there was no possibility that plaintiff could prevail on the merits. On March 27, 2006, the district judge declined to adopt the findings and recommendations and remanded the matter. On April 10, 2006, defendants filed a notice of appeal of the district judge's denial of summary judgment.

The matter is now before the undersigned on plaintiff's September 25, 2006 renewed motion for preliminary injunction.

A threshold question is whether the pending appeal divests this court of jurisdiction over plaintiff's request for a preliminary injunction. The matter on appeal is the question of qualified immunity raised in the defendants' motion for summary judgment. Clearly, the court lacks authority to reconsider or alter the order denying that motion, which is currently under review by the Ninth Circuit. However that interlocutory appeal does not divest this court of jurisdiction over the remainder of this action. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (order denying qualified immunity is immediately appealable); *Wong v. United States*, 373 F.3d 952, 960 (9th Cir. 2004); *see also Plotkin v. Pacific Tel. And Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) (appeal from an interlocutory order does not divest trial court of jurisdiction to proceed on other phases of the action). Accordingly, the court considers plaintiff's motions and, for the reasons explained below, finds that plaintiff's motions must be denied without prejudice.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter*,

*Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.* , 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

The court has reviewed the record in this action, and finds that plaintiff indisputably suffers from several medical conditions that require ongoing monitoring and treatment. He has suffered from gastroesophageal reflux disease (GERD) since 1985, when portions of his esophagus and stomach were removed. He cannot eat large portions of food and is subject to nausea, vomiting, bloating and diarrhea. Plaintiff also has been diagnosed with Hepatitis C and severe, chronic pain in his knees. He asserts that the specific medical attention that he requires, such as six small meals a day, a special pillow to elevate his head, and therapeutic dosages of

medication to control his GERD and chronic pain, simply are unavailable at HDSP. Thus, his motion requests a transfer from HDSP back to CMF. It appears, however, that plaintiff's motion is moot. He has since been transferred to a facility that has an Acute Care Hospital.

Federal courts are empowered to resolve only actual cases and controversies, i.e., "live issues." U.S. Const. Art. III, cl. 1. A case must be dismissed as moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). This occurs when the parties have no dispute for which a federal court can grant some sort of effective relief. *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001). At the time plaintiff filed his motion complaining of inadequate medical treatment, he was confined at HDSP. The court notes that HDSP has a 35-bed medical facility. *See* www.cdcr.ca.gov/Visitors/fac_prison_HDSP.html. Since then, he has been transferred to Corcoran State Prison, which has an Acute Care Hospital ("ACH"). It includes a 75-bed "maximum security facility" licensed to provide general acute medical, surgical, medical health crisis, and specialty outpatient services." *See* www.cdcr.ca.gov/Visitors/fac_prison_CORCORAN.html. As noted above, plaintiff asserts that he was not receiving the medical services he required because they were not available at HDSP. However, Corcoran State Prison specifically is equipped to care for prisoners with ongoing, complex medical needs. This change in circumstances renders moot any dispute about whether he is at a facility that can provide for his needs.

Accordingly, it hereby is ORDERED that:

1. Plaintiff's September 25, 2006, motion to renew his request for a preliminary injunction is denied as unnecessary; and,

////

////

////

////

2. Plaintiff's March 2, 2005, motion for a preliminary injunction is denied without prejudice to plaintiff filing a new motion if the care he is provided at Corcoran is inadequate.

Dated: September 11, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE