IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GIRALDES,

        Plaintiff,                      No. CIV S-01-2110 LKK EFB P

    vs.

T. PREBULA, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion for a preliminary injunction seeking to obtain certain accommodations that he contends are medically necessary. Plaintiff claims that his medical needs are not being met at his current institution and as a result, he is rapidly losing weight. He requests an order directing that the California Department of Corrections and Rehabilitation ("CDCR") honor the opinions of plaintiff's medical specialists, who have recommended that plaintiff have an elevated bed and small frequent meals. He also requests that he be placed in an Outpatient Housing Unit where his medical needs can be accommodated. For the reasons stated, the court recommends that plaintiff's motion be denied.

        A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc.*

1

*v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit recently modified its standard for preliminary injunctive relief to conform to the Supreme Court's admonition in *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008), that the moving party must demonstrate that--absent an injunction--irreparable injury is not only possible, but likely.[1] *Stormans, Inc. v. Selecky*, Nos. 07-36039, 07-36040, 2009 WL 1941550 at *13 (9th Cir. July 8, 2009).  Under the new standard, "preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc.*, at 13, quoting *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. at ___, 129 S.Ct. at 375-76.  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

      Plaintiff fails to show he is entitled to injunctive relief.  As a threshold matter he seeks to enjoin persons who are not defendants in this action.  In his motion, he faults CDCR for not meeting his medical needs at his current institution, which is Salinas Valley State Prison.  However, this lawsuit proceeds on plaintiff's claims that defendants at California Medical Facility were deliberately indifferent to plaintiff's medical needs in September 2001, when they recommended that plaintiff be transferred to High Desert State Prison.  As defendants point out

---

[1] Under the previous standard a preliminary injunction could be granted "if the plaintiff 'demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir.2003) (internal quotation marks and citations omitted) (reversing the denial of a preliminary injunction where the district court had found that the mere *possibility* of such harm was speculative).

1  in their opposition brief, they have had no responsibility for or authority over plaintiff's physical
2  condition and care since his transfer from California Medical Facility in 2001. Dckt. No. 131 at
3  3. Defendants simply do not have the authority to initiate changes in plaintiff's current medical
4  treatment. *Id.* Thus, defendants could not provide plaintiff with the relief he seeks.

5  While plaintiff asks the court to direct CDCR to accommodate his medical needs, CDCR
6  is not a party to this lawsuit. The court cannot issue an order against individuals or institutions
7  who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research,*
8  *Inc.*, 395 U.S. 100, 112 (1969). *See also Zepeda v. United States Immigration Service*, 753 F.2d
9  719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction
10 over the parties and subject matter jurisdiction over the claim; it may not attempt to determine
11 the rights of persons not before the court.").

12 Accordingly, it is hereby RECOMMENDED that plaintiff's January 4, 2010, motion for
13 a preliminary injunction be denied.

14 These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after
16 being served with these findings and recommendations, any party may file written objections
17 with the court and serve a copy on all parties. Such a document should be captioned "Objections
18 to Magistrate Judge's Findings and Recommendations." Failure to file objections within the
19 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
20 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

21 Dated: January 19, 2010.

_[signature]_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE