1

2

3

4

5

6

7

8                                    IN THE UNITED STATES DISTRICT COURT

9                                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LARRY GIRALDES,

11                    Plaintiff,                         No. CIV S-01-2110 LKK EFB P

12          vs.

13   T. TREBULA, et al.,

14                    Defendants.                        ORDER

15   _____/

16          Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983.  Plaintiff

17   has filed a motion to appoint counsel and a motion to stay the case for 60 days so that he can

18   prepare a motion for a court-ordered settlement conference and attempt to locate pro bono

19   counsel.  *See* Dckt. Nos. 144-45.

20          This case will be referred to Magistrate Judge Craig M. Kellison to conduct a settlement

21   conference at California State Prison - Sacramento (CSP-SAC) on October 27, 2010, at 12:00

22   p.m.

23          Accordingly, it is hereby ORDERED that:

24          1.  This case is set for a settlement conference on October 27, 2010, at 12 p.m. at CSP-

25   SAC, Prison Road, Represa, California 95671.

26   ////

1

1      2.  Defendants' lead counsel and a person with full and unlimited authority to

2  negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

3      3.  Those in attendance must be prepared to discuss the claims, defenses and damages.

4  The failure of any counsel, party or authorized person subject to this order to appear in person

5  may result in the imposition of sanctions.  In addition, the conference will not proceed and will

6  be reset to another date.

7      4.  The Clerk of the Court is directed to serve a copy of this order on the Litigation Office

8  at CSP - SAC via facsimile at (916) 294-3072.

9      5.  Plaintiff's motion for appointment of counsel is denied without prejudice.  However,

10  should the parties fail to reach a settlement, the court will appoint counsel to represent plaintiff at

11  trial.

12      6.  Plaintiff's motion to stay the case is denied without prejudice to renewal after the

13  settlement conference.

14      7.  The parties are relieved of their obligation to file pretrial statements at this time.

15  DATED:   October 13, 2010.

16

17               EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE

18

19

---

20      [1] The term "full authority to settle" means that the individuals attending the mediation
  conference must be authorized to fully explore settlement options and to agree at that time to any

21  settlement terms acceptable to the parties.  *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*,
  871 F.2d 648, 653 (7th Cir. 1989), *cited with approval in Official Airline Guides, Inc. v. Goss*, 6

22  F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have
  "unfettered discretion and authority" to change the settlement position of the party, if

23  appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on
  recon. in part, Pittman v. Brinker Int'l, Inc.*, 2003 WL 23353478 (D. Ariz. 2003).  The purpose

24  behind requiring the attendance of a person with full settlement authority is that the parties' view
  of the case may be altered during the face to face conference.  *Pitman*, 216 F.R.D. at 486.  An

25  authorization to settle for a limited dollar amount or sum certain can be found not to comply with
  the requirement of full authority to settle.  *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97

26  (8th Cir. 2001).