UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY GIRALDES, JR.,

        Plaintiff,

   v.

T. PREBULA, et al.,

        Defendants.
                               /

NO. CIV. S-01-2110 LKK/EFB

O R D E R

This case concerns a prisoner's § 1983 action alleging that correctional staff purposefully withheld medical care for several chronic conditions. Defendants move for reconsideration of a 2004 order of this court, which adopted the magistrate judge's finding that the prisoner had exhausted his administrative remedies. For the reasons set forth below, this court denies defendants' motion for reconsideration as waived.

## I. BACKGROUND

Plaintiff Larry Giraldes, Jr. ("plaintiff" or "Giraldes") filed and appealed at least three medically-related grievances with

1

the Inmates Appeals Branch ("IAB") of the California Department of Corrections and Rehabilitation ("CDCR"). The earliest Director Level Decision denying a grievance was February 27, 2002. Decl. of N. Grannis in Supp. of Defs.' Mot. to Dismiss FAC, Doc. No. 17, at 2. The other two denials were issued on March 22, 2002 and April 22, 2002. Id.

On November 16, 2001, Giraldes filed a civil complaint in this court alleging that defendants were deliberately indifferent to his serious medical needs when they transferred him to HDSP. On July 17, 2002, the Magistrate Judge granted plaintiff's request to proceed in forma pauperis. (Doc. No. 6). Thus, plaintiff received final denials of his grievances after he filed his complaint, but before he was granted in forma pauperis status.

On August 12, 2002, defendants filed a motion to dismiss, arguing that plaintiff failed to exhaust the grievance process prior to filing his suit. Defs.' Mem. Of P. & A. in Supp. of Mot. to Dismiss at 1, 4-7 (Doc. No. 16). On January 2, 2004, the Magistrate Judge issued findings and recommendations that defendants' motion should be denied because plaintiff's action was brought, for purposes of exhaustion under the Prison Litigation Reform Act, on July 17, 2002, when the court authorized him to proceed in forma pauparis, and not on November 16, 2001, when he filed his original complaint. (Doc. No. 22). The Magistrate Judge reasoned that even though plaintiff filed his lawsuit before the Director's Level denials on his grievances were issued, Giraldes' authorization to proceed in forma pauperis was issued after

1  plaintiff's health-related grievances with the CDCR had been denied
2  at Director's Level. Id. at 3-4. Defendants did not object to the
3  findings and recommendations, which were adopted in full by this
4  court on March 26, 2004 (Doc. No. 23).
5       On April 28, 2005, defendants filed a motion for summary
6  judgment on the grounds that defendants did not act with deliberate
7  indifference to plaintiff's rights and were entitled to qualified
8  immunity. (Doc. No. 62). They did not argue that plaintiff had
9  failed to exhaust his administrative remedies. On January 24, 2006,
10 the Magistrate Judge recommended that defendant's motion for
11 summary judgment be granted (Doc. No. 98). On March 24, 2006, this
12 court declined to adopt the findings and recommendations because,
13 "From what the court c[ould] tell, disputed facts exist warranting
14 closer scrutiny of the parties' evidence and the motions pending
15 before the court." (Doc. No. 102). This court, thus, remanded the
16 case to the Magistrate Judge to conduct further proceedings
17 consistent with the order. Id. The court did not issue a final
18 ruling on defendants' motion for summary judgment. Nonetheless, on
19 April 10, 2006, defendants appealed the order contending that this
20 court found that they were not entitled to qualified immunity.
21 (Doc. No. 103). On May 6, 2008, the Ninth Circuit dismissed the
22 appeal "[b]ecause the district court's order contemplated further
23 action on the summary judgment, [and was thus] not a final
24 appealable order." (Doc. No. 118). (Doc. No. 118).
25      While this case was on appeal, the Ninth Circuit decided Vaden
26 v. Summerhill, 449 F.3d 1047 (9th Cir. 2006). In Vaden, the Ninth

3

Circuit held that a prisoner action is "brought" to the court under the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), when the complaint is tendered to the district clerk, not when the prisoner is allowed to proceed in forma pauperis. Id. at 1050.

After the Ninth Circuit dismissed defendants' appeal, defendants did not file any papers in connection with this case until January 2010, when the Magistrate Judge[1] ordered a response to plaintiff's motion for a preliminary injunction (Doc. No. 131). In their opposition to this motion, defendants did not argue that plaintiff was unlikely to succeed on the merits of his claims because they were not exhausted prior to his filing suit.

On June 24, 2010, the Magistrate Judge issued findings and recommendations on defendants' remanded 2005 motion for summary judgment (Doc. No. 136). The Magistrate Judge recommended defendants' motion for summary judgment be denied because of the presence of triable issues of fact. On July 8, 2010, defendants filed objections to the findings and recommendations on the grounds that there were no facts in the record from which a reasonable jury could determine that they were deliberately indifferent to plaintiff's serious medical needs. (Doc. No. 137). Defendants did not, however, raise plaintiff's failure to exhaust his administrative remedies prior to bringing this action. On August 31, 2010, this court adopted the Magistrate Judge's recommendation that defendants' motion for summary judgment be denied in its

---

[1] After the appeal to the Ninth Circuit was denied, this case was re-assigned to a different magistrate judge.

4

entirety. (Doc. No. 142).

Nine months after the Magistrate Judge issued his findings and recommendations on their summary judgment motion, on March 16, 2011, defendants filed their pretrial statement requesting that the Magistrate Judge dismiss this action as unexhausted under Ninth Circuit's holding in Vaden (Doc. No. 153). On May 22, 2011, the Magistrate Judge issued a pretrial order recommending denial of this request because the deadline for filing dispositive motions passed on May 2, 2005, nearly six years ago. (Doc. No. 159, See Doc. No. 50). Also, the Magistrate Judge recommended denial of this request because defendants waited three years to raise this issue after the case was remanded from the Ninth Circuit in 2008. Id.

Defendants move for reconsideration of this court's order denying their motion to dismiss for failure to exhaust on the grounds that intervening authority re-defined when a prisoner has "brought" his action for purposes of exhaustion under the Prison Litigation Reform Act (PLRA). Plaintiff opposes reconsideration raising several meritless arguments. Nonetheless, defendants are on fair notice of the meritorious argument discussed the Magistrate Judge's pretrial order that the affirmative defense was waived due to their failure to diligently raise it.

## II. STANDARD FOR A MOTION FOR RECONSIDERATION

Pursuant to L.R. 230, a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances . . . which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion. Generally

5

speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

### III. ANALYSIS

As the Magistrate Judge noted in the pretrial order, the failure to exhaust administrative remedies is not jurisdictional. Pretrial Order (Doc. No. 159) (citing Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003)). Rather, it is a waivable affirmative defense. Here, defendants failed to seek dismissal of this case following remand from the Ninth Circuit in 2008, failed to raise any concerns about exhaustion when objecting to the Magistrate Judge's findings and recommendations in January and in July 2010, and only now, at the eve of trial, did they raise these concerns in their pretrial statement. Defendants have failed to present any explanation for this delay. Thus, the court finds that the affirmative defense of failure to exhaust administrative remedies is waived.

### V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that defendants' motion for reconsideration (Doc. No. 164) is DENIED. The court FURTHER ORDERS that a trial confirmation hearing shall be held on August 29, 2011 at 11:15 a.m., at which time the court shall set trial.

IT IS SO ORDERED.

DATED: July 28, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26