UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY GIRALDES, JR.,

        Plaintiff,

   v.

T. PREBULA, et al.,

        Defendants.
                                  /

NO. CIV. S-01-2110 LKK/EFB

O R D E R

Plaintiff is a prisoner proceeding with appointed counsel, seeking relief under 42 U.S.C. § 1983. Plaintiff claims that the defendants violated the Eighth Amendment by failing to provide adequate medical treatment for various ailments. This court issued an order on February 24, 2012 granting plaintiff's motion to re-open discovery and vacating all dates. Pending before the court is defendants' motion for reconsideration of the February 24, 2012 order. For the reasons discussed below, defendants' motion to reconsider is granted, but the court affirms its prior order.

////

**I. Procedural Background**

Plaintiff filed this action in 2001, proceeding in pro se. Plaintiff moved for appointment of counsel several times, and was denied. In January, 2011, the magistrate judge appointed Ellen Dove as counsel for all further proceedings. ECF No. 150. In July, 2011, plaintiff submitted a declaration to the court stating that he had had no contact with his appointed counsel. ECF No. 170. On September 1, 2011, this court relieved Ms. Dove of her appointment as counsel. ECF No. 184. On November 14, 2011, the court appointed plaintiff's current counsel, David L. Milligan to represent plaintiff. ECF No. 186. At a status conference held in chambers on December 19, 2011, the court directed plaintiff's counsel to file a motion to re-open discovery for the limited purpose of retaining an expert witness. Plaintiff filed that motion on January 25, 2012, ECF No. 189, and the court granted it.

**II. Standard for a Motion for Reconsideration**

Local Rule 230(j) applies to motions for reconsideration filed in the Eastern District. That rule requires the movant to brief the court on, inter alia, "what new or different facts or circumstances were not shown upon such prior motion, or what other grounds exist for the motion; and why the facts or circumstances were not shown at the time of the prior motion." Fed. R. Civ. P. 60(b)(6) permits a court to relieve a party from an order "for any. . . reason the justifies relief."

**III. Analysis**

Defendant seeks reconsideration of the court's order re-

2

1  opening discovery on the grounds that "because plaintiff lacks the
2  ability to pay for his expert, and the Court may not pay that
3  expense, reopening discovery is pointless." Defs.' Mot. for Recon.,
4  ECF No. 193 ("Defs.' Mot."). Defendant asserts that under the Ninth
5  Circuit's holding in Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989),
6  this court cannot pay for the expert witness because the in forma
7  pauperis statute, 28 U.S.C. § 1915, does not authorize the
8  expenditure of public funds on expert witnesses for indigent
9  parties. Absent express authorization, defendants argue, the court
10 may not spend public funds on behalf of an indigent litigant.
11 United States v. MacCollom, 426 U.S. 317, 321 (1976).

12     Defendants are correct that under Tedder and MacCallom, fees
13 for expert witnesses may not come from public funds appropriated
14 by Congress. However, in this district, the funds used to pay for
15 expert witnesses for indigent parties do not come from appropriated
16 funds.

17     In the Eastern District Court, as elsewhere, non-appropriated
18 funds may be used to reimburse attorneys appointed to indigent
19 parties for costs, including the cost for retaining expert
20 witnesses. See Eastern District Court General Order No. 510 §
21 4.A.3). These costs are reimbursed "from the Court's Non
22 Appropriated Fund." Id. That fund is "derived from attorney
23 admission fees and court imposed sanctions for violations of the
24 local rules and court orders not amounting to contempt." Eastern
25 ////
26 ////

District Court General Order No. 154.[1]

As explained in guidelines issued by the United States Administrative Office ("AO"), these funds are "maintained locally by the courts of the United States," and "are non-appropriated funds held in trust by the courts." Guide to Judiciary Policy ("AO Guide") Volume 13 § 1210.10. Funds raised from attorney admissions within each court do "not belong to the United States, but belong[] to the court and [are] to be administered in a manner outlined by the court." Laughlin v. Clephane, 77 F. Supp. 103, 106 (D.D.C. 1947).

Pursuant to the Guide to Judiciary Policy, the funds "must be used only for purposes which benefit the members of the bench and the bar in the administration of justice." AO Guide § 1220. This includes "reimbursement of pro bono counsel for out-of-pocket expenses. . . and payment of witness fees and other expenses for indigent pro se civil litigants." Id. at §1220(f). The fund may also be used, according to the AO Guide, for such things as maintaining a law library, furnishings and equipment for an attorney lounge in the court. The Comptroller General of the United States announced, in 1959, that he "would not further question such practice" of district courts maintaining their own admission fee funds without depositing them to the U.S. Treasury "unless and until Congress should take action in the matter. Comptroller

---

[1] The court does not stop to consider whether defendant has standing to object to the Eastern District's decision on how to expend its own non-appropriated funds.

4

General of the United States Decision B-56200, March 31, 1959.

Accordingly, the court affirms its prior order reopening discovery for the limited purpose of retaining an expert witness.[2]

### IV. Conclusion

For the foregoing reasons, defendant's motion for reconsideration, ECF No. 193 is GRANTED in part and DENIED in part. The court has reconsidered its prior order, and AFFIRMS it.[3]

IT IS SO ORDERED.

DATED: April 17, 2012.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] This position is particularly important since in this circuit, prisoner claims concerning medical malpractice require expert testimony, Hutchinson v. United States, 838 F.2d 390, 393 (9th Cir. 1988), and thus a failure to provide expert testimony renders the courts powerless to enforce the Eighth Amendment.

[3] Defendant requested a stay of proceedings pending appeal should this decision be adverse to it. That motion is also denied.

5