UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY GIRALDES, JR.,

        Plaintiff,

  v.

T. PREBULA, et al.,

        Defendants.

/

NO. CIV. S-01-2110 LKK/EFB

O R D E R

Plaintiff Larry Giraldes, Jr., a prisoner proceeding with appointed counsel, seeks relief under 42 U.S.C. § 1983. Plaintiff alleges that the Defendants violated his Eighth Amendment rights by purposefully withholding medical care for several chronic conditions.

On March 29, 2004, this court adopted the magistrate judge's findings that the prisoner had exhausted his administrative remedies, and denied Defendants' motion to dismiss. Order, ECF No. 23.

Pending before the court is Defendants' motion for

reconsideration of the March 29, 2004 order. Defs' Mot., ECF No. 205. For the reasons provided below, Defendants' motion is granted.

## I. BACKGROUND

Plaintiff Larry Giraldes, Jr. ("Plaintiff" or "Giraldes") filed and appealed at least three medically-related grievances with the Inmates Appeals Branch ("IAB") of the California Department of Corrections and Rehabilitation ("CDCR"). The earliest Director Level Decision denying a grievance was February 27, 2002. Decl. of N. Grannis in Supp. of Defs.' Mot. to Dismiss FAC, ECF. No. 17, at 2. The other two denials were issued on March 22, 2002 and April 22, 2002. Id.

On November 16, 2001, Giraldes filed a civil complaint in this court alleging that defendants were deliberately indifferent to his serious medical needs when they transferred him to HDSP. On July 17, 2002, the Magistrate Judge granted Plaintiff's request to proceed in forma pauperis. Order, ECF. No. 6. Thus, Plaintiff received final denials of his grievances after he filed his complaint, but before he was granted in forma pauperis status. On August 12, 2002, Defendants filed a motion to dismiss, arguing that Plaintiff had failed to exhaust the grievance process prior to filing his suit. Defs.' P. & A. in Supp. of Mot. to Dismiss, ECF No. 16, at 1, 4-7.

On January 2, 2004, the Magistrate Judge issued findings and recommendations that defendants' motion should be denied because Plaintiff's action was brought, for purposes of exhaustion under

the Prison Litigation Reform Act, on July 17, 2002, when the court authorized him to proceed in forma pauperis, and not on November 16, 2001, when he filed his original complaint. ECF. No. 22. The Magistrate Judge reasoned that even though Plaintiff filed his lawsuit before the Director's Level denials on his grievances were issued, Giraldes' authorization to proceed in forma pauperis was issued after Plaintiff's health-related grievances with the CDCR had been denied at the Director's Level. Id. at 3-4. Defendants did not object to the findings and recommendations, which were adopted in full by this court on March 29, 2004. Order, ECF No. 23.

On April 7, 2004, Defendants filed an answer to Plaintiff's amended complaint. Defs' Answer, ECF No. 24. As their third affirmative defense, Defendants argued that "[s]ome of plaintiff's claims are barred because he has not exhausted the administrative grievance process." Id. at 3. As their fourth affirmative defense, Defendants argued that "[u]nder the 'total exhaustion' rule, the entire action is barred because plaintiff has failed to exhaust some of his claims." Id.

On April 28, 2005, Defendants filed a motion for summary judgment on the grounds that Defendants did not act with deliberate indifference to Plaintiff's rights and were entitled to qualified immunity. Defs' Mot., ECF No. 62. They did not argue that Plaintiff had failed to exhaust his administrative remedies. On January 24, 2006, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted. Findings &

3

Recommendations, ECF No. 98. On March 24, 2006, this court declined to adopt the findings and recommendations because, "From what the court c[ould] tell, disputed facts exist warranting closer scrutiny of the parties' evidence and the motions pending before the court." Order, ECF No. 102. This court, thus, remanded the case to the Magistrate Judge to conduct further proceedings consistent with the order. Id. The court did not issue a final ruling on defendants' motion for summary judgment. Nonetheless, on April 10, 2006, Defendants appealed the order contending that this court found that they were not entitled to qualified immunity. Notice of Interlocutory Appeal, ECF No. 103. On May 6, 2008, the Ninth Circuit dismissed the appeal "[b]ecause the district court's order contemplated further action on the summary judgment, [and was thus] not a final appealable order." Order, ECF No. 118.

While this case was on appeal, the Ninth Circuit decided Vaden v. Summerhill, 449 F.3d 1047 (9th Cir. 2006). In Vaden, the Ninth Circuit held that a prisoner action is "brought" to the court under the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), when the complaint is tendered to the district clerk, not when the prisoner is allowed to proceed in forma pauperis. Id. at 1050.

After the Ninth Circuit dismissed Defendants' appeal, Defendants did not file any papers in connection with this case until January 2010, when the Magistrate Judge[1] ordered a response to Plaintiff's motion for a preliminary injunction. Order, ECF No.

---

[1] After the appeal to the Ninth Circuit was denied, this case was re-assigned to a different magistrate judge.

4

1  130.  In their opposition to this motion, Defendants did not argue
2  that Plaintiff was unlikely to succeed on the merits of his claims
3  because they were not exhausted prior to his filing suit.
4  See Defs' Opp'n, ECF No. 131.

5  On June 24, 2010, the Magistrate Judge issued findings and
6  recommendations on Defendants' remanded 2005 motion for summary
7  judgment. Findings & Recommendations, ECF No. 136. The Magistrate
8  Judge recommended defendants' motion for summary judgment be denied
9  because of the presence of triable issues of fact. On July 8,
10 2010, Defendants filed objections to the findings and
11 recommendations on the grounds that there were no facts in the
12 record from which a reasonable jury could determine that they were
13 deliberately indifferent to Plaintiff's serious medical needs.
14 Defs' Objections, ECF No. 137. Defendants did not, however, raise
15 Plaintiff's failure to exhaust his administrative remedies prior
16 to bringing this action. On August 31, 2010, this court adopted
17 the Magistrate Judge's recommendation that Defendants' motion for
18 summary judgment be denied in its entirety. Order, ECF No. 142.

19 Nine months after the Magistrate Judge issued his findings and
20 recommendations, on March 16, 2011, Defendants filed their pretrial
21 statement requesting that the Magistrate Judge dismiss this action
22 as unexhausted under the Ninth Circuit's holding in Vaden.
23 Pretrial Statement, ECF No. 153. On May 22, 2011, the Magistrate
24 Judge issued a pretrial order recommending denial of this request
25 because the deadline for filing dispositive motions had passed on
26 May 2, 2005. Pretrial Order, ECF No. 159; see also Order, ECF No.

5

50 (granting Defendants' request to extend the time for filing their motion for summary judgment to May 2, 2005). The Magistrate Judge also recommended denial of this request because Defendants had waited three years to raise the exhaustion issue after the case had been remanded from the Ninth Circuit in 2008. Id.

On June 16, 2011, Defendants moved for reconsideration of this court's order denying their motion to dismiss for failure to exhaust, arguing that intervening authority had re-defined when a prisoner has "brought" his action for purposes of exhaustion under the Prison Litigation Reform Act ("PLRA"). Defs' Mot., ECF No. 164. On July 29, 2011, this court denied Defendants' motion for reconsideration. Order, ECF No. 172. This court found that Defendants had waived the affirmative defense of failure to exhaust administrative remedies because they had "failed to seek dismissal of this case following remand from the Ninth Circuit in 2008, failed to raise any concerns about exhaustion when objecting to the Magistrate Judge's findings and recommendations in January and in July 2010, and only now, at the eve of trial, did they raise these concerns in their pretrial statement." Id. at 6. Moreover, the court further noted that Defendants had "failed to present any explanation for this delay." Id.

On January 25, 2012, Plaintiff filed a motion to reopen discovery for the limited purpose of retaining a medical expert, and to re-set pretrial dates. Pl's Mot., ECF No. 189. On February 24, 2012, this court granted Plaintiff's motion to re-open discovery "for the limited purpose of retaining a medical expert

to conduct a thorough review of plaintiff's medical file and to provide a qualified opinion relating to the standard of medical care." Order, ECF No. 192.

On June 1, 2012, this court issued a new status (pretrial scheduling) order, re-setting the trial for October 8, 2013, the discovery cutoff for January 29, 2013, and the law and motion deadline for March 29, 2013. Order, ECF No. 202.

**A. Defendants' Pending Motion for Reconsideration**

On August 30, 2012, Defendants' filed the instant motion for reconsideration of this court's March 29, 2004 order denying Defendants' motion to dismiss for failure to exhaust. Defs' Mot., ECF No. 205. Defendants argue, <u>inter alia</u>, that: (1) they did not waive the affirmative defense of failure to exhaust administrative remedies because they "asserted the affirmative defense of nonexhaustion in their answer"; and (2) "now that the Court has set a new dispositive motion deadline, the Court should entertain this renewed motion for reconsideration." Defs' P. & A., ECF No. 205, Att. 1, at 4.

### II. STANDARD FOR A MOTION FOR RECONSIDERATION

Federal Rule of Civil Procedure 60(b) provides: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding" in the case of mistake or excusable neglect, newly discovered evidence, fraud, a judgment that is void, satisfaction of the judgment, or for "(6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). This catch-all provision of Rule 60(b)(6) "vests power in courts adequate to enable them to

7

vacate judgments whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (1949). Rule 60(b) "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007) (citing 11 Wright & Miller Federal Practice & Procedure § 2851 (2d ed. 1995)). Nonetheless, in order to seek relief under Rule 60(b)(6), the movant must demonstrate "extraordinary circumstances." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (quoting Ackermann v. United States, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).

In addition, Local Rule 230(j) applies to motions for reconsideration filed in the Eastern District. That rule requires the movant to brief the court on, inter alia, "what new or different facts or circumstances . . . were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4)(2012).

### III. ANALYSIS

The court's prior denial of Defendants' motion to reconsider was based, in part, on the fact that Defendants had re-asserted their non-exhaustion argument after substantial delays, after the close of the law and motion deadline, and on the "eve of trial." However, given the court's re-opening of discovery and re-setting of the law and motion deadline, as well as the fact that Defendants

did, in fact, raise their non-exhaustion argument in the answer to Plaintiff's amended complaint, the court, upon reconsideration, finds that Defendants did not waive their affirmative defense that Plaintiff failed to exhaust his administrative remedies as required by the PLRA.[2]

The Ninth Circuit's holding in Vaden v. Summerhill, 449 F.3d 1047 (9th Cir. 2006), indicates that Plaintiff brought this action on November 16, 2001, when he filed his original complaint, and

---

[2] In support of their argument that the non-exhaustion defense is not waived when pleaded in an answer to a prisoner's complaint, Defendants rely on cases interpreting the PLRA exhaustion requirement from outside the Ninth Circuit.
    The court is not persuaded by Defendants' reliance on Johnson v. Rowley, 569 F.3d 40, 45 (2d Cir. 2009). In their motion, Defendants omit reference to the Johnson court's finding the defendant in that case did not waive the non-exhaustion defense because he "raised this defense in his answer . . . and *has continued to assert it throughout this litigation*." Johnson, 569 F.3d at 45 (emphasis added). In contrast to the rule in Johnson, as this court previously determined, Defendants here "failed to seek dismissal of this case following remand from the Ninth Circuit in 2008, [and] failed to raise any concerns about exhaustion when objecting to the Magistrate Judge's findings and recommendations in January and in July 2010 ." The holding in Johnson is inapplicable to the facts here presented because, in this case, Defendants did not "continue[] to assert [the non-exhaustion defense] throughout this litigation."
    Defendants' reliance on Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001) is more applicable to the facts here presented. In Foulk, the court determined that, even though the defendant had failed to raise the PLRA exhaustion issue by motion prior to the trial, and had only included in his answer to the fifth amended complaint a general affirmative defense for failure to exhaust administrative remedies, the fact that the defendant "did raise the issue during trial in an oral motion to dismiss for lack of subject matter jurisdiction" and "reasserted his argument in his post-trial motion for judgment as a matter of law or for a new trial" was sufficient for the court to determine that the defendant "did not waive his right to rely on the PLRA exhaustion requirement." Id.
    Plaintiffs do not address the Defendants' arguments regarding Johnson or Foulk in their opposition to Defendants' motion.

9

1  therefore, before the Director's Level denials on Plaintiff's
2  grievances were issued. Because Plaintiff "may initiate litigation
3  in federal court only after the administrative process ends and
4  leaves his grievances unredressed," which Plaintiff failed to do
5  in this case, the court "must dismiss his suit without prejudice."
6  Vaden, 449 F.3d at 1051 (9th Cir. 2006) (citing Wyatt v. Terhune,
7  315 F.3d 1108, 1120 (9th Cir. 2003)).

8  　　　Indeed, before the ruling in Vaden, the Ninth Circuit had
9  previously held that district courts are required under the Prison
10 Litigation Reform Act ("PLRA") to dismiss unexhausted actions
11 without prejudice even when a prisoner has exhausted available
12 remedies during the course of the litigation. McKinney v. Carey,
13 311 F.3d 1198, 1200 (9th Cir. 2002); see also Rhodes v. Robinson,
14 621 F.3d 1002, 1005 (9th Cir. 2010) ("Together,[McKinney and Vaden]
15 stand for the proposition that a prisoner must exhaust his
16 administrative remedies for the claims contained within his
17 complaint before that complaint is tendered to the district court.)
18 In McKinney, the Ninth Circuit acknowledged that "requiring
19 dismissal may . . . occasion the expenditure of additional
20 resources on the part of the parties and the court," but that,
21 nevertheless, "Congress has made a policy judgment that this
22 concern is outweighed by the advantages of requiring exhaustion
23 prior to the filing of suit. Id. The court's identified
24 "advantages" were "to reduce the quantity and improve the quality
25 of prisoner suits"; to "obviat[e] the need for litigation", to
26 "filter out some frivolous claims", and to facilitate adjudication

10

1 "by an administrative record that clarifies the contours of the
2 controversy." Id. (citing Porter v. Nussle, 534 U.S. 516, 524-25,
3 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The undersigned has been a
4 federal judge for 33 years. I have never, to my recollection,
5 encountered a case in which even a part of a prisoner's grievance
6 about medical treatment has been granted. To say that there are
7 advantages to exhaustion in a case like this, defies this court's
8 experience.

9 Nevertheless, the law in this Circuit clearly indicates that,
10 because Plaintiff failed to exhaust his administrative remedies
11 prior to filing his original complaint, Plaintiff's complaint is
12 dismissed without prejudice.[3]

### IV. CONCLUSION

14 For the reasons provided above, the court GRANTS Defendants'
15 motion for reconsideration of the March 29, 2004 order, ECF No.
16 205. Upon reconsideration, Defendants' August 13, 2003 motion to
17 dismiss Plaintiffs' amended complaint is GRANTED; Plaintiffs'
18 amended complaint is DISMISSED without prejudice.

19 Plaintiff has thirty (30) days from the issuance of this order

---

[3] The court notes that state law prescribes the statute of limitations applicable to § 1983 claims and federal law governs the time of accrual. Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986), *cert. denied*, 479 U.S. 1054 (1987). To determine whether Plaintiff is entitled to equitable tolling of his claims under California law, courts apply a three-pronged test. The three elements of the test are: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.

11

to file a second amended complaint.

    IT IS SO ORDERED.

    DATED: October 3, 2012.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT