UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY GIRALDES, JR.,

       Plaintiff,

    v.

T. PREBULA, et al.,

       Defendants.

_____/

NO. CIV. S-01-2110 LKK/EFB

O R D E R

Plaintiff Larry Giraldes, Jr., a prisoner proceeding with appointed counsel, seeks relief under 42 U.S.C. § 1983, based on allegations that Defendants violated his Eighth Amendment rights by purposefully withholding medical care for several chronic conditions.

Pending before the court is Defendants' motion to dismiss Plaintiff's Second Amended Complaint. See Defs' Mot., ECF No. 213; Pls' Second Am. Compl., ECF No. 212.

For the reasons provided herein, the court DENIES, in part, and GRANTS, in part, Defendants' motion.

1

# I. BACKGROUND

Plaintiff Larry Giraldes, Jr. ("Plaintiff" or "Giraldes") filed and appealed at least three medically-related grievances with the Inmates Appeals Branch ("IAB") of the California Department of Corrections and Rehabilitation ("CDCR"). The earliest Director Level Decision denying a grievance was February 27, 2002. Decl. of N. Grannis in Supp. of Defs.' Mot. to Dismiss FAC, ECF. No. 17, at 2. The other two denials were issued on March 22, 2002 and April 22, 2002. Id.

On November 16, 2001, Giraldes filed a civil complaint in this court alleging that defendants were deliberately indifferent to his serious medical needs when they transferred him to High Desert State Prison ("HDSP"). On July 17, 2002, the Magistrate Judge granted Plaintiff's request to proceed in forma pauperis. Order, ECF. No. 6. Thus, Plaintiff received final denials of his grievances after he filed his complaint, but before he was granted in forma pauperis status. On August 12, 2002, Defendants filed a motion to dismiss, arguing that Plaintiff had failed to exhaust the grievance process prior to filing his suit. Defs.' P. & A. in Supp. of Mot. to Dismiss, ECF No. 16, at 1, 4-7.

On January 2, 2004, the Magistrate Judge issued findings and recommendations that defendants' motion should be denied because Plaintiff's action was brought, for purposes of exhaustion under the Prison Litigation Reform Act, on July 17, 2002, when the court authorized him to proceed in forma pauperis, and not on November 16, 2001, when he filed his original complaint. Findings and

2

1   Recommendations, ECF No. 22.   The Magistrate Judge reasoned that

2   even though Plaintiff filed his lawsuit before the Director's Level

3   denials on his grievances were issued, Giraldes' authorization to

4   proceed in forma pauperis was issued after Plaintiff's health-

5   related grievances with the CDCR had been denied at Director's

6   Level.   Id. at 3-4.   Defendants did not object to the findings and

7   recommendations, which were adopted in full by this court on March

8   26, 2004.   Order, ECF No. 23.

9        On April 7, 2004, Defendants filed an answer to Plaintiff's

10  amended complaint.   Defs' Answer, ECF No. 24.   As their third

11  affirmative defense, Defendants argued that "[s]ome of plaintiff's

12  claims are barred because he has not exhausted the administrative

13  grievance process."   Id. at 3.   As their fourth affirmative

14  defense, Defendants argued that "[u]nder the 'total exhaustion'

15  rule, the entire action is barred because plaintiff has failed to

16  exhaust some of his claims."   Id.

17       On April 28, 2005, Defendants filed a motion for summary

18  judgment on the grounds that Defendants did not act with deliberate

19  indifference to plaintiff's rights and were entitled to qualified

20  immunity.   Defs' Mot., ECF No. 62.   They did not argue that

21  Plaintiff had failed to exhaust his administrative remedies.   On

22  January 24, 2006, the Magistrate Judge recommended that Defendants'

23  motion for summary judgment be granted.   Findings &

24  Recommendations, ECF No. 98.   On March 24, 2006, this court

25  declined to adopt the findings and recommendations because, "From

26  what the court c[ould] tell, disputed facts exist warranting closer

1  scrutiny of the parties' evidence and the motions pending before
2  the court."  Order, ECF No. 102.  This court therefore remanded the
3  case to the Magistrate Judge to conduct further proceedings
4  consistent with the order.  Id.  The court did not issue a final
5  ruling on defendants' motion for summary judgment.  Nonetheless,
6  on April 10, 2006, Defendants appealed the order contending that
7  this court found that they were not entitled to qualified immunity.
8  Notice of Interlocutory Appeal, ECF No. 103.  On May 6, 2008, the
9  Ninth Circuit dismissed the appeal "[b]ecause the district court's
10 order contemplated further action on the summary judgment, [and was]
11 thus] not a final appealable order."  Order, ECF No. 118.

12      While this case was on appeal, the Ninth Circuit decided Vaden
13 v. Summerhill, 449 F.3d 1047 (9th Cir. 2006).  In Vaden, the Ninth
14 Circuit held that a prisoner action is "brought" to the court under
15 the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), when the
16 complaint is tendered to the district clerk, not when the prisoner
17 is allowed to proceed in forma pauperis. Id. at 1050.

18      After the Ninth Circuit dismissed Defendants' appeal,
19 Defendants did not file any papers in connection with this case
20 until January 2010, when the Magistrate Judge[1] ordered a response
21 to Plaintiff's motion for a preliminary injunction.  Order, ECF No.
22 130.  In their opposition to this motion, Defendants did not argue
23 that Plaintiff was unlikely to succeed on the merits of his claims
24 because they were not exhausted prior to his filing suit.

25 _____

26      [1] After the appeal to the Ninth Circuit was denied, this case
   was re-assigned to a different magistrate judge.

1 <u>See</u> Defs' Opp'n, ECF No. 131.

2    On June 24, 2010, the Magistrate Judge issued findings and recommendations on Defendants' remanded 2005 motion for summary judgment.  Findings & Recommendations, ECF No. 136.  The Magistrate Judge recommended that Defendants' motion for summary judgment be denied because of the presence of triable issues of fact.  On July 8, 2010, Defendants filed objections to the findings and recommendations on the grounds that there were no facts in the record from which a reasonable jury could determine that they were deliberately indifferent to Plaintiff's serious medical needs. Defs' Objections, ECF No. 137.  Defendants did not, however, raise Plaintiff's failure to exhaust his administrative remedies prior to bringing this action.  On August 31, 2010, this court adopted the Magistrate Judge's recommendation that Defendants' motion for summary judgment be denied in its entirety.  Order, ECF No. 142.

16    Nine months after the Magistrate Judge issued his findings and recommendations, on March 16, 2011, Defendants filed their pretrial statement requesting that the Magistrate Judge dismiss this action as unexhausted under Ninth Circuit's holding in <u>Vaden v. Summerhill</u>.  Pretrial Statement, ECF No. 153.  On May 22, 2011, the Magistrate Judge issued a pretrial order recommending denial of this request because the deadline for filing dispositive motions had passed on May 2, 2005.  Pretrial Order, ECF No. 159; <u>see</u> <u>also</u> Order, ECF No. 50 (granting Defendants' request to extend the time for filing their motion for summary judgment to May 2, 2005).  The Magistrate Judge also recommended denial of this request because

Defendants had waited three years to raise the exhaustion issue after the case had been remanded from the Ninth Circuit in 2008. Id.

On June 16, 2011, Defendants moved for reconsideration of this court's order denying their motion to dismiss for failure to exhaust, arguing that intervening authority had re-defined when a prisoner has "brought" his action for purposes of exhaustion under the Prison Litigation Reform Act ("PLRA"). Defs' Mot., ECF No. 164. On July 29, 2011, this court denied Defendants' motion for reconsideration. Order, ECF No. 172. This court found that Defendants had waived the affirmative defense of failure to exhaust administrative remedies because they had "failed to seek dismissal of this case following remand from the Ninth Circuit in 2008, failed to raise any concerns about exhaustion when objecting to the Magistrate Judge's findings and recommendations in January and in July 2010, and only now, at the eve of trial, did they raise these concerns in their pretrial statement." Id. at 6. This court further noted that Defendants had "failed to present any explanation for this delay." Id.

On January 25, 2012, Plaintiff filed a motion to reopen discovery for the limited purpose of retaining a medical expert, and to re-set pretrial dates. Pl's Mot., ECF No. 189. On February 24, 2012, this court granted Plaintiff's motion to re-open discovery "for the limited purpose of retaining a medical expert to conduct a thorough review of plaintiff's medical file and to provide a qualified opinion relating to the standard of medical

1   care." Order, ECF No. 192.

2        Due to the court's re-opening of limited discovery, on June

3   1, 2012, this court issued a new status (pretrial scheduling)

4   order, re-setting the trial for October 8, 2013, the discovery

5   cutoff for January 29, 2013, and the law and motion deadline for

6   March 29, 2013.  Order, ECF No. 202.

7        On August 30, 2012, Defendants' filed a renewed motion for

8   reconsideration of this court's March 29, 2004 order denying

9   Defendants' motion to dismiss for failure to exhaust. Defs' Mot.,

10  ECF No. 205. Defendants argued, <u>inter</u> <u>alia</u>, that: (1) they had not

11  waived the affirmative defense of failure to exhaust administrative

12  remedies because they "asserted the affirmative defense of

13  nonexhaustion in their answer"; and (2) "now that the Court has set

14  a new dispositive motion deadline, the Court should entertain this

15  renewed motion for reconsideration." Defs' P. & A., ECF No. 205,

16  Att. 1, at 4.

17       On October 4, 2012, this court granted Defendant's motion for

18  reconsideration of the March 29, 2004 order.  The court found that

19  "given the court's re-opening of discovery and re-setting of the

20  law and motion deadline, as well as the fact that Defendants did

21  raise their non-exhaustion argument in the answer to Plaintiff's

22  amended complaint, the court, upon reconsideration, finds that

23  Defendants did not waive their affirmative defense that Plaintiff

24  failed to exhaust his administrative remedies as required by the

25  PLRA." Order, ECF No. 209, at 8-9.  The court further provided:

26  ////

1
2
3
4
5
6
7
8

> [T]he Ninth Circuit's holding in <u>Vaden v. Summerhill</u>, 449 F.3d 1047 (9th Cir. 2006), indicates that Plaintiff brought this action on November 16, 2001, when he filed his original complaint, and therefore, before the Director's Level denials on Plaintiff's grievances were issued. Because Plaintiff "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed," which Plaintiff failed to do in this case, the court "must dismiss his suit without prejudice." <u>Vaden</u>, 449 F.3d at 1051 (9th Cir. 2006) (citing <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003)).

9   <u>Id.</u> at 9-10.   The court then dismissed Plaintiff's amended

10  complaint, without prejudice.   <u>Id.</u> at 11.

11       On November 2, 2012, Plaintiff filed a Second Amended

12  Complaint.

13       On November 15, 2012, Defendants filed the instant motion to

14  dismiss Plaintiff's Second Amended Complaint.   Defendants argue,

15  <u>inter alia</u>, that: (1) Plaintiff cannot cure his failure to exhaust

16  before bringing this action by amending his complaint because no

17  amendment can alter the fact that he brought this action before

18  exhausting the administrative process; (2) neither of the two

19  grievances that Plaintiff submitted from CMF gave notice of his

20  deliberate indifference claims against Gavia and Prebula; and (3)

21  the court should not permit Plaintiff to pursue claims against

22  Defendants Saukhla or Kearney because the court granted summary

23  judgment on the claim against Saukhla and Plaintiff never served

24  Kearney with process.[2]   Defs' Mot., ECF No. 213, Att. 1, at 6-16.

25  _____

26       [2] Plaintiff has stated his non-opposition to Defendants' motion to dismiss Defendants Saukhla and Kearney in this case.

8

1                          II.   ANALYSIS

2  **A. Amendment in Light of Plaintiff's Failure to Exhaust**

3       In its most recent prior order, this court determined that

4  Plaintiff failed to exhaust his administrative remedies, with

5  respect to the allegations upon which this action proceeds, before

6  filing the initial complaint in this action on November 16, 2001.

7  The parties suggest that a preliminary issue for decision is

8  whether Plaintiff satisfied the PLRA's exhaustion requirement,

9  pursuant to Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010), when

10 he exhausted his remedies in this action after filing the initial

11 complaint, but before filing the Second Amended Complaint currently

12 at issue.

13      Prisoners are required to exhaust the available administrative

14 remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211,

15 127 S.Ct. 910, 918-19, 166 L.Ed.2d 798 (2007); McKinney v. Carey,

16 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Section 1997e(a)

17 mandates that "[n]o action shall be brought . . . until such

18 administrative remedies as are available are exhausted," 42 U.S.C.

19 § 1997e(a), and "requires that a prisoner exhaust administrative

20 remedies before submitting any papers to the federal courts," Vaden

21 v. Summerhill, 449 F.3d 1047 (9th Cir. 2006).

22      In Rhodes v. Robinson, the Ninth Circuit made an exception to

23 the general rule, based on the circumstances in Rhodes's case.  On

24 January 4, 2011, Kavin M. Rhodes, a prisoner proceeding pro se,

25 ──────────────

26 Pl's Opp'n, ECF No. 215, at 9.  Defendants' motion to dismiss
   Defendants Saukhla and Kearney is, therefore, GRANTED.

1  filed a civil rights action pursuant to 42 U.S.C. § 1983 against

2  prison guards for retaliating against him in violation of the First

3  Amendment.   <u>Rhodes v. Robinson</u>, 621 F.3d 1002, 1003 (9th Cir.

4  2010).   On March 20, 2006, Rhodes filed a second amended complaint

5  adding new claims "alleg[ing] that the same defendant guards

6  perpetrated new retaliatory acts against [him] between January 2,

7  2002, and November 15, 2003."   <u>Id.</u>   In the second amended

8  complaint, Rhodes alleged "that he had completed the grievance

9  process available at [the prison] concerning the facts relating to

10 the new claims alleged in the [second amended complaint]."   <u>Id.</u> at

11 1004.   The district court dismissed Rhodes' new claims based on his

12 failure to exhaust administrative remedies before filing suit.   The

13 Ninth Circuit reversed the district court's dismissal, holding that

14 "Rhodes' [second amended complaint] was, in fact, a supplemental

15 complaint, regardless of the label attached to it by the *pro se*

16 prisoner-plaintiff, permitted under Federal Rule of Civil Procedure

17 15(d) because [the new] claims . . . arose *after* the initial

18 complaint was filed," and the district court had improperly

19 dismissed Rhodes' new claims.[3]   <u>Id.</u> at 1006-07.   The court found

20 that Rhodes was in compliance with § 1997e(a) if he exhausted his

21 remedies for the new claims prior to filing the second amended

22 complaint.

23 _____

24      [3] Rule 15(d) provides, in part: "On motion and reasonable
   notice, the court may, on just terms, permit a party to serve a
25 supplemental pleading setting out any transaction, occurrence, or
   event that happened after the date of the pleading to be
26 supplemented."   Fed.R.Civ.P. 15(d).

1    In this case, unlike in <u>Rhodes</u>, Plaintiff's Second Amended

2    Complaint was not a supplemental complaint, because Plaintiff did

3    not bring new claims in the Second Amended Complaint which arose

4    *after* the initial complaint had been filed.   Here, all of

5    Plaintiff's claims against Defendants arose before the initial

6    complaint was filed.   Therefore, under § 1997e(a), Plaintiff was

7    required to exhaust his administrative remedies for the allegations

8    in the Second Amended Complaint, prior to the filing of the initial

9    complaint.   As previously noted, this court determined that

10   Plaintiff failed to exhaust his remedies, with respect to the

11   allegations upon which this case proceeds, before the date he filed

12   the initial complaint in this action.[4]

13   A blind application of the rules set forth in <u>McKinney</u> and

14   <u>Vaden</u>, failing to consider context, equities, and the particular

15   and anomalous history of this case, would indicate that this entire

16   action should be dismissed without prejudice.   See <u>Lira v. Herrera</u>,

17   _____

18   [4] In his opposition to Defendants' motion to dismiss, Plaintiff makes arguments indicating that his final level of

19   administrative appeal was unavailable due to his transfer to another facility and due to improper screening of his

20   administrative grievances and, thus, Plaintiff's administrative appeals were effectually exhausted before filing suit in this

21   court.  Pl's Opp'n, ECF No. 215, at 3-4.  Plaintiff did not raise these arguments in his opposition to Defendants' second motion for

22   reconsideration, <u>see</u> Pl's Opp'n, ECF No. 206, and thus, the court did not evaluate these arguments when it determined that, upon

23   reconsideration and given the holding in <u>Vaden</u>, Plaintiff's claims were unexhausted before filing suit in federal court.  Defendants

24   correctly note in their Reply, however, that Plaintiff made these arguments in opposing Defendants' initial motion for

25   reconsideration in 2011, <u>see</u> Pl's Opp'n, ECF No. 166, at 2-6.  In reference to these arguments, the court provided, "Plaintiff

26   opposes reconsideration raising several meritless arguments." Order, ECF No. 172, at 5.

1  427 F.3d 1164, 1170 (9th Cir. 2005) (citing <u>McKinney</u>, 311 F.3d at

2  1200).[5]  This court declines to adhere to a rule devoid of reason.

3      This case has proceeded for over eleven years, past both the

4  discovery and the summary judgment stages, and is now ripe for

5  trial.  If this court were to dismiss Plaintiff's action, Plaintiff

6  would be barred from having his claims heard on their merits, due

7  in equal part to the government's failure to raise their argument

8  of non-exhaustion for years after the holding in <u>Vaden</u>, and the

9  Plaintiff's reliance on prior decisions made by this court, which

10 found, on more than one occasion, that Defendants had waived their

11 exhaustion of remedies defense.

12     At heart, then, is whether this court erred in finding that

13 Plaintiff had failed to exhaust his administrative remedies, upon

14 the most recent reconsideration of Defendants' motion to dismiss

15 and over ten years after this suit was initiated.  <u>See</u> Order, ECF

---

17 [5]  Even though Plaintiff received final denials of his
   administrative grievances, dismissal of the entire action "without
18 prejudice," as required by <u>Lira</u> and <u>McKinney</u>, would effectually
   constitute a dismissal *with* prejudice because Plaintiff would
19 likely be barred by the relevant statute of limitations from
   pursuing these claims in this forum again.  <u>See</u> <u>Cervantes v. City</u>
20 <u>of San Diego</u>, 5 F.3d 1273, 1275 (9th Cir. 1993) (in a section 1983
   action, providing that "[a]s with the limitations period itself,
21 we borrow our rules for equitable tolling of the period from the
   forum state"); <u>Maldonado v. Harris</u>, 370 F.3d 945, 954 (9th Cir.
22 2004) (finding that California Code of Civil Procedure § 335.1
   (West Supp. 2004) provides a two-year statute of limitations for
23 personal injury actions, which also applies to actions brought
   under 42 U.S.C. § 1983); <u>Taylor v. Kociski</u>, No. 11-cv-189, 2012 WL
24 6878887, at *7, 2012 U.S. Dist. LEXIS 184813 at *22 ("California
   law precludes application of the equitable tolling doctrine when,
25 following the dismissal of a case, a plaintiff simply re-files the
   case in the same court.") (citing <u>Martell v. Antelope Valley</u>
26 <u>Hospital Medical Center</u>, 67 Cal.App.4th 978, 985, 79 Cal.Rptr.2d
   329 (1998)).

1    No. 209.  It did.

2        Applying the "law of the case" doctrine, the court should have

3    found that the question of whether Defendants had waived their

4    affirmative defense of non-exhaustion had been conclusively put to

5    rest by this court before Defendants brought their second motion

6    for reconsideration in August of 2012.  Under the law of the case

7    doctrine, a court is ordinarily precluded from reconsidering an

8    issue that has already been decided by the same court.  Thomas v.

9    Bible, 983 F.2d 152, 154 (9th Cir. 1993) (citing Milgard Tempering,

10   Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir. 1990)).

11   The doctrine is a judicial invention designed to aid in the

12   efficient operation of court affairs and is founded upon the sound

13   public policy that litigation must come to an end.  United States

14   v. Smith, 389 F.3d 944, 948 (9th Cir. 2004) (internal citations

15   omitted).  The doctrine serves to advance the principle that in

16   order to maintain consistency during the course of a single

17   lawsuit, reconsideration of legal questions previously decided

18   should be avoided.  Id. at 948-49 (citing United States v. Houser,

19   804 F.2d 565, 567 (9th Cir. 1986)).  Issues that a district court

20   determines during pretrial motions become law of the case.  Id. at

21   949 (citing United States v. Phillips, 367 F.3d 846, 856 (9th Cir.

22   2004), cert. denied, 125 S.Ct. 479 (Nov. 8, 2004)).

23       While courts have some discretion not to apply the doctrine

24   of law of the case, that discretion is limited.  Thomas, 983 at

25   155.  Depending on the nature of the issue and on the level or

26   levels of the court or courts involved, a court may have discretion

1  to reopen a previously resolved question under one or more of the

2  following circumstances: (1) the first decision was clearly

3  erroneous; (2) an intervening change in the law has occurred; (3)

4  the evidence on remand is substantially different; (4) other

5  changed circumstances exist; and/or (5) a manifest injustice would

6  otherwise result.  Id. (citing Milgard, 902 F.2d at 715; United

7  States v. Tham, 960 F.2d 1391, 1397 (9th Cir. 1991); United States

8  v. Estrada-Lucas, 651 F.2d 1261, 1263-65 (9th Cir. 1980)).

9      The court granted Defendants' second motion for

10  reconsideration primarily based on the changed circumstances of a

11  re-set pre-trial schedule and a new dispositive motion deadline.

12  See Order, ECF No. 209.  At that time, however, the court did not

13  adequately consider the remaining factors provided in Thomas.  If

14  this court had considered those remaining factors, it would have

15  found that: (1) the court's prior findings that Defendants had

16  waived their affirmative defense of failure to exhaust were not

17  clearly erroneous, given the years following the Ninth Circuit's

18  remanding of this case and the many opportunities that Defendants

19  had let pass before asserting that Plaintiff had failed to exhaust

20  his administrative remedies; (2) no intervening change in the law

21  had occurred between the court's prior findings that Defendants had

22  waived their affirmative defense of non-exhaustion and Defendants'

23  second motion for reconsideration; (3) the evidence before the

24  court upon second reconsideration was not substantially different;

25  and (4) no manifest injustice would have resulted if the court had

26  adhered to its prior findings because Plaintiff had, in fact,

14

1    received final denials of his grievances at the administrative

2    levels and the case was ripe for trial.  Thus, upon considering all

3    of the Thomas factors, the court should have found that, upon

4    second reconsideration of this court's March 29, 2004 order, it was

5    precluded by the law of the case doctrine from reopening the

6    previously resolved question of whether Defendants had waived their

7    affirmative defense of non-exhaustion.

8         Defendants now argue that the law of the case doctrine

9    requires the court to dismiss this entire action in adherence to

10   the court's most recent finding that Plaintiff failed to exhaust

11   his administrative remedies.  See Defs' Reply, ECF No. 216, at 3-5.

12   However, upon considering the Thomas factors, the court here finds

13   that it is appropriate to reopen its most recent finding because:

14   (1) this court's failure to consider all of the Thomas factors when

15   deciding Defendants' second motion for reconsideration was clearly

16   erroneous; and (2) manifest injustice to Plaintiff would result if

17   this court were to dismiss the entire action.

18        Again, the statute of limitations for Plaintiff's claims has

19   passed and, upon dismissal of the action, Plaintiff would likely

20   be barred from bringing another action based on these claims in

21   this forum, even though Plaintiff received final denials of his

22   administrative grievances and his action was found meritorious

23   enough to survive both a motion to dismiss and a motion for summary

24   judgment.  A dismissal based on Plaintiff's failure to exhaust at

25   this belated point in the litigation would be unjust because proper

26   exhaustion would now be futile (where Plaintiff's Director's Level

1  grievances were already denied), and Plaintiff would be prejudiced

2  from having his claims litigated on their merits due to Defendants'

3  years of inaction and this court's prior findings that Defendants

4  had waived their affirmative defense of nonexhaustion.

5      In considering the remaining <u>Thomas</u> factors, the court finds

6  that no intervening change in the law has occurred between this

7  court's October 4, 2012 order and Defendants' instant motion to

8  dismiss; the evidence before the court is not substantially

9  different; and no changed circumstances exist from those before the

10 court on Defendants' second motion for reconsideration.   However,

11 the court finds it appropriate to reopen its October 4, 2012 ruling

12 that Plaintiff failed to exhaust his administrative remedies

13 because that finding was clearly erroneous given the history of the

14 case and would result in manifest injustice.

15     To properly observe the law of the case, the court therefore

16 determines that it erred in its October 4, 2012 order.   Due to

17 their years of inaction, and the reasons provided by this court on

18 a number of previous occasions, Defendants have waived their

19 affirmative defense of non-exhaustion.[6]

20     Moreover, the Supreme Court has found that application of the

21 exhaustion doctrine is "intensely practical" and that the ultimate

22 decision of whether to waive exhaustion should be guided by the

23 policies underlying the exhaustion requirement.   <u>Bowen v. City of</u>

24 _____

25     [6] Due to the court's previous error, it was likely unnecessary
   for the court to dismiss Plaintiff's amended complaint with leave
26 to amend.   <u>See</u> Order, ECF No. 209.   Nevertheless, this case is now
   proceeding upon Plaintiff's second amended complaint.

1  New York, 476 U.S. 467, 484, 106 S.Ct. 2022, 2032, 90 L.Ed.2d 462

2  (1986).   In the context of the prison grievance process, the

3  Supreme Court has provided that the goals served by the exhaustion

4  requirement include "allowing a prison to address complaints about

5  the program it administers before being subjected to suit, reducing

6  litigation to the extent complaints are satisfactorily resolved,

7  and improving litigation that does occur by leading to the

8  preparation of a useful record." Jones v. Bock, 549 U.S. 199, 219,

9  127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citing Woodford v. Ngo, 548

10 U.S. 81, 88-91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); Porter v.

11 Nussle, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)).

12 If this court is to take the goal of efficient and improved

13 litigation seriously, it would be grossly inappropriate to dismiss

14 this entire action for non-exhaustion on the eve of trial, and to

15 foreclose the Plaintiff from litigation of the merits of his claim

16 at this stage in the proceedings.

17    For these reasons, Defendants' motion to dismiss Plaintiff's

18 action is DENIED.

19 **B. Notice in the Administrative Process**

20    Defendants Prebula and Gavia move to dismiss Plaintiff's

21 claims against them, arguing that none of Plaintiff's grievances

22 gave them notice of the claims against them.

23    The Ninth Circuit has held that the primary purpose of a

24 prison grievance is to notify the prison of a problem.  Griffin v.

25 Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  A grievance need not

26 include legal terminology or legal theories unless they are in some

1  way needed to provide notice of the harm being grieved.   <u>Id.</u>   A

2  grievance also need not contain every fact necessary to prove each

3  element of an eventual legal claim.   <u>Id.</u>   The primary purpose of

4  a grievance is to alert the prison to a problem and facilitate its

5  resolution, not to lay groundwork for litigation.   <u>Id.</u> (citing

6  <u>Johnson v. Johnson</u>, 385 F.3d at 522, *cited with approval in* <u>Jones</u>,

7  549 U.S. at 219, 127 S.Ct. 910).

8      In Plaintiff's Second Amended Complaint, Plaintiff makes the

9  following allegations against Defendants Gavia and Prebula:

> Animosity between Defendants Prebula and Gavia
> began to get increasingly worse each time Plaintiff
> would get a "write up" or be placed into Ad.Seg
> with Prebula and Gavia threatening Plaintiff with
> threats of transfer to a "warzone" due to
> Plaintiff[']s behavior.
>
> . . . .
>
> After being at CMF for seven years and after
> numerous attempts by Defendants Prebula and Gavia[]
> trying to get Plaintiff transferred, Defendants
> Prebula and Gavia[] asked Defendant Saukhla to
> draft a 128-C medical chrono that recommended
> Plaintiff be transferred and that his "Category O"
> be discontinued.
>
> Defendant Saukhla did in fact draft a document for
> Defendants Prebula and Gavia on May 24, 2001.
> Defendant Andreasen cosigned it.
>
> Defendants Prebula, Gavia, and Saukhla then held
> onto said 128-C medical chrono until Plaintiff had
> been released from Ad.Seg and when the regular
> facility captain had gone on vacation or some other
> relief that allowed Prebula to sit as "Acting"
> Captain and hold an impromptu and incomplete "Unit"
> Classification Committee on August 8, 2001.
>
> Defendants Prebula and Gavia refused to provide
> Plaintiff any of the due process rights guaranteed
> to inmates at the August 8, 2001 "Unit"
> Classification Committee by not giving him advance

18

notice of any adverse action being considered, not providing him with any documents prior to the hearing, not allowing him to make a statement of his disagreement about transfer of his preference as to where he wanted to be placed as well as the committee not having the mandated members it was supposed to have.

.  .  .  .

Plaintiff had been placed into Ad.Seg for a SHUable offense that precluded any transfer and even had a notice from the records department that stated "The above named inmate [] is not to be transferred until . . . you receive written notification from this office advising you that the CDC-804 should be withdrawn."   When Defendants Prebula and Gavia discovered the above factors that individually precluded Plaintiff's transfer and had thwarted their exhausted plan to transfer Plaintiff, they arranged a "Special Transportation Unit" to take Plaintiff to HDSP in the early hours of September 28, 2001.

If Plaintiff had not been placed in a "Special Transportation Vehicle" on September 28, 2001, he would have been seen by the Main Classification Committee where the acts of Defendants[] Prebula, Gavia, . . . and others[] had done [*sic*] in getting Plaintiff's transfer approved.

Pl's Second Am. Compl., ECF No. 212, at ¶¶ 43, 47-50, 60-61

(emphasis omitted).

Plaintiff made the following assertions, <u>inter alia</u>, in his prison grievances:

[Regarding a denial of surgery that had been recommended by Dr. Johnson, a specialist from U.C. Davis]

On 10-18-01[,] I was returned to Vacaville. Despite this appeal being granted at the Second Level, medical staff at C.M.F. refuse to comply with the Memorandum.  Appellant is forced to seek judicial relief for the pain and suffering throughout the time he was denied treatment for the relief of pain, and surgery, as it is obvious that this denial is deliberate, indifferent, and wanton.

19

1   This goes past mere negligence, as specialists have
   made their recommendations, diagnosis, and
2   treatment plans clear.

3 Young Decl., ECF No. 214, Att. 2 (Inmate Appeal # CMF-01-01006).

4   I was seen in U.C.C. on 8-8-01, and put up for
   transfer to a Non-Medical facility. Because of
5   multiple surger[ie]s on my esophagus that resulted
   in over 13 cm of my esophagus being removed, I
6   cannot tolerate solid foods . . . . [Request] need
   for appropriate placement in an institution that
7   can provide all the treatments, medications, and
   diet I am currently getting. . . . High Desert
8   cannot provide the medications, diet, and
   treatments, plus medical appliances, ordered by the
9   specialists prior to transfer.

10   . . . .

11   Transfer to a non-medical institution will result
   in a threat to my health and safety, and could
12   cause other serious and irreparable harm, when I
   don't have immediate access to medical care.

13

14 Young Decl., ECF No. 214, Att. 2, (Inmate Appeal # CMF-01-1252).

15  Plaintiff's grievances clearly indicate that he was contesting

16 his transfer to an institution at which he would fail to receive

17 necessary medical care. Because Defendants Gavia and Prebula are

18 alleged, in the Second Amended Complaint, to have been closely

19 involved in the decision to transfer Plaintiff, and Plaintiff's

20 transfer formed the crux of his prison grievances, the court finds

21 that the allegations set forth in the prison grievances adequately

22 notified Defendants Gavia and Prebula of the problems for which

23 Plaintiff currently seeks redress.

24  Defendants' motion to dismiss Plaintiff's claims against

25 Defendants Gavia and Prebula is, therefore, DENIED.

26 ////

1                 **III. CONCLUSION**

2     According, the court ORDERS as follows:

3         [1]  Defendants' motion to dismiss Defendants Saukhla

4             and Kearney is GRANTED.

5         [2]  Defendants' motion to dismiss this action as a

6             whole is DENIED.

7         [3]  Defendants' motion to dismiss Plaintiff's claims

8             against Defendants Gavia and Prebula is DENIED.

9         [4]  A status conference is SET for July 1, 2013 at 2:30

10             p.m.

11   IT IS SO ORDERED.

12   DATED: May 2, 2013.

15                                       _____

16                      LAWRENCE K. KARLTON
                        SENIOR JUDGE

17                      UNITED STATES DISTRICT COURT